IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAWN VENEZIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-430 |
| | ) | |
| 12th & DIVISION PROPERTIES, LLC; | ) | Judge Thomas A. Wiseman, Jr. |
| CJUF II TERRAZZO LLC; and | ) | |
| BANK OF AMERICA, N.A.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is the Motion to Dismiss filed by defendants 12th & Division Properties, LLC and

CJUF II Terrazzo LLC (Doc. No. 12) in which the Defendants seek specifically the dismissal of plaintiff

Shawn Venezia's claim for rescission arising from the Defendants' failure to comply with the requirement

under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–1720 ("ILSFDA" or "Act"), that

they provide him with a written Property Report before he entered into a purchase agreement for a

condominium unit in the Defendants' condominium development.

For the reasons set forth herein, the Court is persuaded by the Defendants' argument that the

Plaintiff's claim for rescission, based solely upon Defendants' failure to provide a Property Report as

required by the ILSFDA, must be dismissed as a result of the Plaintiff's failure to give notice of his intent

to exercise his right to rescind within the two-year period set forth in 15 U.S.C. § 1703(c).

## I.     STANDARD OF REVIEW

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may seek dismissal of the

complaint, or certain causes of action set forth therein, based upon the plaintiff's "failure to state a claim

upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court

is to construe the Complaint in the light most favorable to the plaintiff, accept the Complaint's allegations

as true, and draw all reasonable inferences in favor of the plaintiff.  *DirecTv, Inc. v. Treesh*, 487 F.3d 471,

---

[1] Pursuant to the parties' request, an Agreed Order has been entered dismissing without
prejudice all claims against former defendant Bank of America, N.A.  (Doc. No. 9.)

476 (6th Cir. 2007) (citation omitted).  Nevertheless, in order to survive a motion brought under Rule 12(b)(6), the factual allegations in the Complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the Complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations set forth in the Complaint, Plaintiff Shawn Venezia is a Tennessee resident; Defendant 12th & Division Properties, LLC is an inactive Tennessee limited liability company and the predecessor-in-interest to defendant CJUF II Terrazzo LLC, which is the current owner and developer of a multi-use, multi-unit, high-rise condominium project known as the "Terrazzo," located in Nashville, Tennessee (the "Terrazzo Project").  This Court's jurisdiction is premised primarily upon the federal claims asserted in the Complaint for alleged violations of the ILSFDA.

In or around May 17, 2006, Venezia executed a contract ("Purchase Agreement" or "Agreement") for the purchase of a condominium unit within the Terrazzo Project for the sum of $493,000.  In accordance with his obligations under the Purchase Agreement, Venezia subsequently submitted a deposit in the sum of $49,300.  In September 2006, the Purchase Agreement was amended to provide for Venezia's purchase of $3,597.50 worth of "upgrades" under paragraph 5.2 of the Agreement, and for his purchase of the exclusive right to use two residential parking spaces for an additional $25,000.  Venezia submitted the total cost of the upgrades to the Escrow Agent for the Project as an additional deposit.  The parties agreed he would pay for the parking spaces at closing.

It appears the condominium unit is now completed and ready for occupancy.  Venezia, however, filed suit on May 13, 2009, seeking generally to rescind the Purchase Agreement and obtain a refund of his deposits, or, alternatively, compensatory damages equal to the amount of his deposits, plus prejudgment interest and attorneys' fees.  In support of this contention that he is entitled to rescind the Agreement, Plaintiff alleges that the Terrazzo Project is a subdivision that falls within the purview of the ILSFDA, and that his purchase of a condominium unit within the development constituted the purchase of a lot within a subdivision, as defined by the Act, that did not fall within any valid statutory exemption.  Defendants, however, did not comply with certain disclosure requirements set forth in the Act.  Specifically, they did not provide Venezia with a written Property Report meeting the requirements of 15

U.S.C. § 1707 prior to his execution of the Purchase Agreement, nor did they notify him of his right to rescind the Purchase Agreement within two years of its execution in the event the Defendants did not comply with their statutory obligation to provide him a Property Report. Plaintiff asserts that, pursuant to 15 U.S.C. § 1703(c), he is entitled to rescind the Agreement as a result of these combined defects. (Compl., Doc. 1, Count I.) Defendants have now filed their motion to dismiss Plaintiff's § 1703(c) claim for rescission on the grounds that it is barred by Plaintiff's failure to give notice of his intent to rescind within two years of signing the Purchase Agreement, which Defendants assert is a statutory prerequisite under § 1703(c).

Defendants' motion does not expressly address any of Plaintiff's other allegations or claims for relief.[2] These other claims and allegations are therefore not relevant to the present motion and need not be articulated here.

## III.    ANALYSIS AND DISCUSSION

Generally speaking, the ILSFDA governs the sale or lease of any lot located within a "subdivision," as that term is defined in the ILSFDA, 15 U.S.C. § 1701(3), unless the property at issue falls within one or more of the exemptions set forth in 15 U.S.C. § 1702. If the subdivision is not exempt, then its "developer," also a defined term, *see id.* § 1701(5), must comply with the requirements set forth in the ILSFDA and its attendant regulations. Under the ILSFDA, it is unlawful for the developer of a non-exempt lot to, among other things, sell or lease a lot in a subdivision "unless a printed property report . . . has been furnished to the purchaser" in advance of his signing a contract for such purchase. 15 U.S.C. § 1703(a)(1)(B); *see also id.* § 1707 (setting forth the information to be included in the property report). The statute further provides that,

> [i]In the case of any contract or agreement for the sale or lease of a [non-exempt] lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement *may be revoked at the option of the purchaser or*

---

[2]  Specifically, Plaintiff alleges that the Purchase Agreement did not contain notice of his absolute right to rescind the Agreement, for no reason, within seven days of its execution, and that the lack of notice means he has retained the right to rescind under 15 U.S.C. § 1703(b). In Count II of the Complaint, Plaintiff claims that he suffered damages as a result of the Defendants' alleged violation of the "anti-fraud provisions" of the ILSFDA, 15 U.S.C. § 1703(2)(B), with respect to the completion date for construction of his condominium. In Counts III and IV of the Complaint, Plaintiff asserts state-law claims for breach of contract, for which he seeks compensatory damages in the amount of the sum of his unreturned deposits, plus pre-judgment interest.

*lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right.*

*Id.* § 1703(c) (emphasis added).[3]

For purposes of the present motion, Defendants do not dispute that they are subject to the ILSFDA.[4]  Likewise, Defendants concede for purposes of their motion that they did not provide Plaintiff with a written Property Report as required by § 1703(a)(1)(B) and that they did not give notice, in the Purchase Agreement or elsewhere, of Plaintiff's right to rescind within two years if the Defendants failed to provide him with a printed Property Report, as required by § 1703(c).  Defendants argue that, notwithstanding their noncompliance with the Act, the Plaintiff's failure to invoke his right to rescind within two years of executing the Purchase Agreement means that he no longer has a statutory right to rescind based solely upon the Defendants' failure to provide him with a Property Report.  Plaintiff's counter-argument is basically that his claim is governed by the more general, and generous, three-year limitations period set forth within the ILSFDA, 15 U.S.C. § 1711(b), and that the two-year period set forth in § 1703(c) never began to run because the Defendants did not give him notice of the right to rescind.  There is no dispute that Plaintiff gave notice of his intent to rescind more than two years after signing the Purchase Agreement, but that he filed suit seeking rescission within three years of doing so.

The question presented requires analysis of "the meaning of and interplay between two distinct provisions of the ILSFDA, to-wit: 15 U.S.C. §§ 1703(c) and 1711(b)."  *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269, 1271 (S.D. Ala. 2008).  As far as this Court has been able to ascertain, no federal appellate court has addressed the precise issue presented here.  The few district courts to consider it are nearly all located within the Eleventh Circuit,[5] and, interestingly, there is now a split among the district

---

[3] Similarly, the Act provides that the agreement for the purchase of a non-exempt lot "may be revoked at the option of the purchaser or lessee until midnight of the seventh day following the signing of such contract or agreement . . . , and such contract or agreement shall clearly provide this right."  Id. § 1703(b).  Although Plaintiff invokes that provision in his Complaint, Defendants' motion does not address it.

[4] Defendants assert generally that the Terrazzo Project falls within one or more of the exemptions set forth in § 1702, but for purposes of their motion to dismiss only, they acknowledge that the Court must accept as true the factual allegations in the Complaint.

[5] An earlier unpublished decision from the Eastern District of Virginia also addressed the same issue.  *Orsi v. Kirkwood*, No. 2:91cv744, 1992 WL 511406 (E.D. Va. Apr.14, 1992), *aff'd on other*

courts within that Circuit as to how the question presented here should be resolved: The Southern District of Florida has recently issued an opinion in which it overruled its own prior precedent in order to construe the statute in the manner espoused by Plaintiff here, while the Middle District of Florida has, along with the Southern District of Alabama, taken the opposite view, and held in such a way as to favor the Defendants' position in this case.

In *Taylor v. Holiday Isle*, the first published opinion on the issue and the one that still offers the most comprehensive analysis thereof, the defendant, like Defendants here, took the position that rescission based on a developer's failure to furnish a Property Report is an available remedy under the ILSFDA only if a plaintiff invokes such remedy within two years after he signs the purchase agreement. In that case, the plaintiffs waited approximately two years and three months before attempting to exercise their right to rescind. Plaintiffs in that case, like Plaintiff here, asserted that "the three-year limitations period set forth in § 1711(b) preserve[d] the timeliness of their rescission claims." *Id.* at 1272. The plaintiffs also insisted that the defendant's "failure to include in the Agreements language apprising them of their statutory revocation rights nullifie[d] the two-year period set forth in § 1703(c) and entitle[d] them to the more lenient three-year period provided by § 1711(b)." *Id.*

The court rejected the plaintiffs' arguments, reasoning as follows:

> [P]laintiffs would have this Court hold that a plaintiff's failure to rescind an agreement in a timely manner under § 1703(c) is cured as long as he or she files a lawsuit for rescission within the temporal limits of § 1711(b). Nothing in the statutory language would support reading § 1703(c)'s two-year limit as being merely optional or aspirational for a purchaser. Certainly, it is accurate that plaintiffs may bring a suit in law or equity to enforce a right created under § 1703(c) "within three years after the signing of the contract." 15 U.S.C. § 1711(b). It is likewise correct that plaintiffs in this case filed suit (including their rescission claim) against [defendant] within that requisite three-year period. But the Court cannot adopt plaintiffs' reductionist reasoning that § 1711 renders their rescission claims timely as long as they are brought within three years, even where plaintiffs have failed to comply with § 1703(c)'s two-year period for rescinding the Agreements. . . . [S]uch a construction would contravene the fundamental principle that, to the extent possible, the rules of statutory construction require courts to give meaning to every word and clause in a statute.
>
> Is it possible, then, to harmonize the two-year period set forth in § 1703(c) with the three-year limitations period established by § 1711(b)? The Court believes it is. The two provisions may be construed in a coherent and congruent fashion as follows: Section 1703(c) provides that a purchaser must exercise revocation rights within two years. If the developer/seller refuses to honor the purchaser's timely rescission of the purchase agreement under § 1703(c), then the purchaser has a third year (pursuant to §

---

*grounds*, 999 F.2d 86 (4th Cir.1993). While the Fourth Circuit affirmed the holding, it expressly sidestepped the timeliness question. *Orsi v. Kirkwood*, 999 F.2d at 90 n.2.

1711(b)) in which to file suit to enforce that right of rescission. But if the purchaser fails to rescind the contract within those first two years, as required by § 1703(c), that right of rescission is extinguished by the plain operation of that section, such there would no longer be any § 1703(c) right to enforce via the three-year limitations period provided by § 1711(b). . . .

Plaintiffs' argument that the three-year period in § 1711(b) negates the two-year period in § 1703(c) having been rejected, their fallback position is that they should not be held to the two-year period in § 1703(c) because [defendant] failed to include in the Agreements the requisite notice of their right to rescind. The statute provides that if a property report is required by the ILSFDA and the seller fails to furnish it to the buyer before the agreement is signed, "such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, *and such contract or agreement shall clearly provide this right.*" 15 U.S.C. § 1703(c) (emphasis added). It is undisputed that the Agreements prepared by [defendant] and executed by plaintiffs did not notify plaintiffs of their right to rescind the Agreements within two years if no property report had been provided. The crucial question for purposes of [defendant's] Rule 56 Motion is what the legal effect of that omission is.

Although it is difficult to glean plaintiffs' precise reasoning from their brief, their position is apparently that [defendant's] failure to provide notice to plaintiffs of their right to rescind within two years excuses plaintiffs' non-exercise of that rescission right within the § 1703(c) period. But nothing in the ILSFDA states that failure to disclose the right to rescind in the purchase agreement obviates, tolls or extends the two-year deadline for rescission. Nothing in the statute says that the two-year period prescribed by § 1703(c) runs from the date that purchasers discovered or should have discovered they had a right to rescind. Plaintiffs would thus apparently have this Court engraft new language onto the relevant provisions of the ILSFDA by judicial fiat, substituting its judgment for that of the legislature. Courts are quite naturally leery of interpreting statutes in a manner that effectively tacks on new language that Congress did not see fit to include. Nor have plaintiffs identified persuasive case authority that has construed the ILSFDA in the manner they advocate here. As a matter of statutory construction, then, the Court cannot concur with plaintiffs' suggestion that a developer's failure to provide notice of the right of rescission in a purchase agreement eliminates the two-year requirement for rescission under § 1703(c).

In the alternative, plaintiffs posit that enforcing the two-year rescission period when the developer failed to provide the notice required by § 1703(c) would effectively render the notice requirement meaningless, enabling developers to flout it with no adverse repercussions and thereby to frustrate Congressional intent. But plaintiffs read the statute too narrowly. The ILSFDA confers upon purchaser the right "to bring any action at law or in equity against the seller . . . to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title." 15 U.S.C. § 1709(b). Of course, section 1703(c) requires sellers to disclose the rescission right to purchasers before a contract is signed. Thus, § 1709(b) would plainly allow a purchaser to bring a claim for damages based on a seller's failure to provide the statutorily required notice of rescission. The point is that the ILSFDA does provide a remedy for a seller's violation of the § 1703(c) notice requirement, albeit perhaps not the remedy that plaintiffs want (to wit, resuscitation of rescission rights that plaintiffs allowed to lapse). Contrary to plaintiffs' assertion, then, enforcing the statutory two-year rescission period in these circumstances is not tantamount to writing the notice requirement out of the ILSFDA.

561 F. Supp. 2d at 1273–76 (internal quotation marks, citations and footnotes omitted).[6]  *Cf. Bush v. Bahia Sun Assocs.*, No. 8:07-cv-1314-T-17-EAJ, 2009 WL 963133, at *12 (M.D. Fla. April 8, 2009) ("15 U.S.C. § 1703(c) and § 1703(d) require a legal claim of rescission to be filed within two years of the signing of a contract, unless the buyer attempts to rescind the contract within the two-year period and is denied whereupon the three-year statute of limitations set forth in § 1711(b) then applies to the filing date for a legal claim of rescission.  Further, a non-rescission legal claim seeking other relief (e.g. money damages) for § 1703(c) and § 1703(d) violations may be pursued within three-years of the contract's signing under § 1711(b)."  (citing *Taylor*, 561 F.Supp.2d at 1273–76; *Ditthardt v. N. Ocean Condos, L.P.*, 580 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008)).  *Accord Werdmuller Von Elgg v. Carlyle Developers, Inc.*, No. 6:09-cv-132-Orl-31KRS, 2009 WL 961144 (M.D. Fla. April 7, 2009); *Murray v. Holiday Isle, LLC*, --- F.Supp.2d ----, 2009 WL 857406 (S.D. Ala. March 25, 2009).

The Southern District of Florida issued its opinion in *Jankus v. Edge Investors, L.P.*, --- F. Supp. 2d ----, 2009 WL 961154 (S.D. Fla. April 8, 2009), the same day that *Bush v. Bahia Sun Associates*, *supra*, was issued by the Middle District of Florida.  While *Bush* adopted the reasoning of *Taylor*, the *Jankus* court expressly "reject[ed] the [*Taylor v.*] *Holiday Isle* approach, and . . . recede[d] from its own analysis and comparable holding in *Ditthardt*, *supra*," concluding that both cases had erred in "equat[ing] . . . the two year statutory private rescission period prescribed at § 1703(c) with a statute of limitations bar." *Jankus*, 2009 WL 961154, at *5.  The Southern District of Florida, in *Jankus*, reasoned as follows:

> The two year rescission window created by § 1703(c) does not, by its terms, prescribe the date by which suit must be filed, and hence is not, by its terms, a statute of limitations.  A statute of limitation operates, with the lapse of time, to extinguish the right which is the foundation for the claim, and typically provides that a cause of action may or must be filed within a certain period of time.  The preliminary rescission notice requirement described at § 1703(c) does not fall into this category; rather, it is more accurately characterized as a condition precedent to suit that may be waived by the seller.
>
> Hence, equitable tolling principles which generally attend the application of federal statutes of limitations, and the general rule guiding selection of competing statutes of

---

[6] *Taylor* also recognized "the possibility that a developer's failure to provide the required notice of rescission rights might conceivably support a viable equitable tolling argument," but also noted that "equitable tolling is an extraordinary remedy that obliges plaintiffs to satisfy their burden of showing 'extraordinary circumstances' that are both beyond their control and unavoidable even with diligence," and that plaintiffs failed to argue that equitable tolling applied or to present facts, beyond the bare lack of notice, that would have supported such an argument.  *Id.* at 1276.  Plaintiff here likewise does not raise an "equitable tolling" argument.

limitation referenced in *Ditthardt*, . . . have no play here. Similarly, the notion that ignorance of the law does not avoid a statute of limitations bar—however true as a general proposition—is irrelevant because the two year statutory rescission period prescribed at § 1703(c) is not in the nature of a statute of limitations.

Moreover, that the plaintiff may have a theoretical action for damages under § 1709(b) is not a meaningful alternative where he or she is still bound to perform under the contract of purchase. Without the legislatively prescribed rescission remedy under § 1703(c), he or she is left with the difficult task of proving the materiality of the property report disclosure violation and causally related damages under § 1709(b). The corresponding diminished litigation exposure attendant to this revision of the statutory scheme would give developers little incentive to comply with the disclosure requirements mandated under the ILSA. This court is not willing to interfere with the ILSA statutory scheme in this fashion by effectively writing the rescission disclosure requirement out of the statute, essentially what the [*Taylor v.*] *Holiday Isle* court achieved by enforcing § 1703(c)'s two year rescission period against a buyer who did not receive the statutorily prescribed notice of it.

This is not a technical violation warranting damages only because it goes to the heart of the disclosure requirements under ILSA—first to arm consumers with relevant knowledge prior to signing a purchase agreement for undeveloped property, and second to provide for a right of rescission where that information is not supplied. A developer's failure to give the required notice of the right of rescission in this context automatically violates the Act in a manner which frustrates the Act's express purpose, leaving the consumer committed to a land purchase made without the benefit of the advance, detailed information required by the statutorily mandated property report.

Accordingly, this court now holds that a developer's failure to give the statutorily mandated notice of rescission rights under § 1703(c) extends the buyer's rescission period until two years after the disclosure is correctly made. Failure to infer an extension of the rescission period under these circumstances would thwart the purposes of the statute by leaving buyers without a meaningful remedy to redress the injury caused by the developer's failure to discharge its statutory duty.

Where, as here, the required property report disclosures is never made, the buyer's rescission period runs the full length of the three year statute of limitations prescribed at 15 U.S.C. § 1711(b). This result does not render the two year rescission window prescribed at § 1703(c) meaningless—it remains very meaningful to those developers who choose to comply with the ILSA's rescission disclosure requirements. Those who do not effectively waive the statutory requirement that a buyer give notice of his intent to revoke or rescind as condition precedent to filing suit for rescission.

*Id.* at \*5–\*6.[7]

This Court, presented with the identical question of law and the divergent analyses offered by *Jankus* and *Taylor*, agrees with the *Taylor* court's conclusion that 15 U.S.C. § 1703(c) and § 1711(b), read together, require that notice of an intent to rescind be given within two years of the signing of a

---

[7] Two Florida state courts have also interpreted the ILSFDA consistently with *Jankus. See, e.g.*, *Plaza Court, L.P. v. Baker-Chaput*, --- So. 3d ----, Nos. 5D08-899, 5D08-1188, 2009 WL 1809921, \*7 -\*8 (Fla. 5th Dist. Ct. App. June 26, 2009); *Engle Homes v. Krasna*, 766 So.2d 311 (Fla. 4th Dist. Ct. App. 2000)).

contract. If the buyer attempts to rescind the contract within the two-year period and is denied the right to do so, the three-year statute of limitations set forth in § 1711(b) then applies to the filing date for a legal claim of rescission. Further, under § 1711(b), a claim seeking any other type of relief, whether legal or equitable, for violations of other rights created under § 1703 may be pursued within three-years of the contract's signing.

In reaching that conclusion, the Court readily concedes that the statute at issue is not a model of clarity, as it invites precisely the type of conflicting interpretations that have occurred here. Notwithstanding, the Court also finds, as did the *Taylor* court, that if the legislature had intended the two-year rescission period to be tolled in the event the developer failed to provide notice of the right to rescind, it could easily have done so. It did not include any such language that legitimately supports a conclusion that the "preliminary rescission notice requirement [is] a condition precedent to suit that may be waived by the seller." *Jankus*, 2009 WL 961154, at *5. Moreover, as a matter of common sense, the legislature had to have anticipated that a developer who fails to provide a Property Report—whether because he legitimately believes the development is exempt and no Property Report is required or because he is attempting to evade the requirements of the Act—would also be unlikely to provide a notice stating that if indeed the ILSFDA's provisions applied to the development at issue, then the buyer had a right to rescind the agreement within two years because the developer had opted not to supply a Property Report. In any event, regardless of the reason for the developer's failure to furnish the Property Report, the statutory sanction of rescission within two years based upon such failure is not a toothless tiger. Rescission of a sales contract in a declining market can be a very costly penalty.

This Court is also not persuaded that a cause of action for damages under § 1709(b) is merely "theoretical," *cf. Jankus*, 2009 WL 961154, at *6, when a cause of action for rescission is no longer viable. The fact that the statutory remedy of rescission under § 1703(c) is no longer available does not necessarily mean that the courts would be unable to award rescission as an equitable remedy if a claimant can show that he or she was actually harmed by the statutory violations or even by the developer's failure to provide the requisite notice. *See* 15 U.S.C. § 1709(a) ("A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation

of section 1703(a) of this title.  In a suit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable.").

Finally, as indicated above, this court disagrees with the *Jankus* court's suggestion that this Court's construction of § 1703(c) leaves developers with "little incentive to comply with the disclosure requirements mandated under the ILSA," *Jankus*, 2009 WL 961154, at *6.  Regardless, this Court's job is to attempt to ascertain and effectuate legislative intent based upon the actual terms of the statute and its history, not to rewrite the statute as it arguably should have been written in the first place.  The burden of correcting the potential incentive problem, if one in fact exists, lies with the legislature, not the courts.

IV.     **CONCLUSION**

In sum, this Court adopts the holding and reasoning set forth in *Taylor v. Holiday Isle* and concludes that Plaintiff's claim in Count I for rescission, based solely upon 15 U.S.C. § 1703(c) and Defendants' failure to provide a Property Report, is subject to dismissal, as Plaintiff failed to give notice of his intent to rescind within the two-year period prescribed by the statute.  An appropriate Order granting the Defendants' motion to dismiss will therefore be entered.

Plaintiff's remaining claims are unaffected by this decision, and the matter will be referred back to the Magistrate Judge for further case management as necessary.


_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge