IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWN VENEZIA, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 3:09-cv-430 |
| 12th & DIVISION PROPERTIES, LLC; | ) Judge Thomas A. Wiseman, Jr. |
| CJUF II TERRAZZO LLC; and | ) |
| BANK OF AMERICA, N.A.,[1] | ) |
|     Defendants. | ) |

## ORDER

Before the Court is a Motion to Dismiss the Amended Complaint filed by Defendants 12th & Division Properties, LLC and CJUF II Terrazzo LLC (Doc. No. 24) seeking the dismissal of all claims set forth in plaintiff Shawn Venezia's Amended Complaint for failure to state a claim upon which relief can be granted. The motion has been fully briefed and is ripe for resolution. For the reasons elucidated in the accompanying Memorandum Opinion, the Court finds the Defendants' motion to be meritorious. The motion will be granted in its entirety; however, some claims will be dismissed without prejudice while others will be dismissed with prejudice, as set forth below:

(1) With respect to Count I of the Amended Complaint:

    (a) The motion to dismiss the plaintiff's claim premised on the alleged failure to provide notice of the statutory seven-day right to cancel the Purchase Agreement is hereby **GRANTED** and that claim is **DISMISSED WITH PREJUDICE**.

    (b) The motion to dismiss the plaintiff's claim for damages or equitable relief premised on the alleged failure to provide a copy of the Property Report is hereby **GRANTED** and that claim is **DISMISSED WITHOUT PREJUDICE**.

    (c) The motion to dismiss the plaintiff's claim for damages or equitable relief—in the form of rescission—based upon the Defendants' failure to give him notice of his right to revoke

---

[1] Pursuant to the parties' request, an Agreed Order has been entered dismissing without prejudice all claims against former defendant Bank of America, N.A. (Doc. No. 9.)

>    the Purchase Agreement within two years of its execution in the event the Defendants failed to comply with the statutory requirement that they provide him with a copy of the Property Report is hereby **GRANTED**, but that claim is **DISMISSED WITHOUT PREJUDICE**.

(2) With respect to Count II of the Amended Complaint:

>    (a) The motion to dismiss the claim based upon Defendants' alleged violation of 15 U.S.C. § 1703(a)(2)(B) based on the estimated completion date contained in the Purchase Agreement is hereby **GRANTED**, and that claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is on notice, however, that simply amending his complaint to insert an allegation that Defendants never intended to complete the Project by the estimated closing date, or that they provided that estimation without a current intention to complete or attempt to complete the Project by that date, without more, will not be sufficient to state a claim under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

>    (b) The motion to dismiss the claim based upon the allegedly misleading nature of Paragraph 5.3 of the Purchase Agreement is hereby **GRANTED**; that claim is **DISMISSED WITH PREJUDICE**.

>    (c) The motion to dismiss the claim based on the Defendants' failure to include in the Purchase Agreement a "stipulation" as required by 15 U.S.C. § 1703(a)(2)(D) is **GRANTED**, but that claim is **DISMISSED WITHOUT PREJUDICE**.

>    (d) Any claim in Count II premised upon Defendants' alleged failure to give notice of the seven-day rescission right created by 15 U.S.C. § 1703(b) is hereby **DISMISSED WITH PREJUDICE**.

(3) Defendants' motion to dismiss Count III is hereby **GRANTED**; that claim is **DISMISSED WITH PREJUDICE**.

(4) Defendants' motion to dismiss Count IV is hereby **GRANTED**, but that claim is **DISMISSED WITHOUT PREJUDICE** to the plaintiff's ability to amend his complaint to restate this claim as a request for a judicial declaration in accordance with 28 U.S.C. § 2201, or to raise it as an affirmative defense to Defendants' counterclaim for breach of the Purchase Agreement.

The granting of Defendants' motion does not result in a dismissal of this action as a whole in light of the Defendants' pending counterclaim.  Should the plaintiff choose to amend his complaint to address the deficiencies identified and discussed in the accompanying Memorandum Opinion, such Second Amended Complaint must be filed no later than fourteen (14) days after entry of this Order.  This matter is referred back to Magistrate Judge Knowles for further case management as necessary.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge