| | | |
|---|---|---|
| SHAWN VENEZIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-430 |
| | ) | |
| 12th & DIVISION PROPERTIES, LLC; | ) | Judge Thomas A. Wiseman, Jr. |
| CJUF II TERRAZZO LLC; and | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

*consolidated with*

| | |
|---|---|
| JEFFREY D. KULA and KARIN L. KULA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| 12th & DIVISION PROPERTIES, LLC; | ) |
| CJUF II TERRAZZO LLC; and | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |

*consolidated with*

| | |
|---|---|
| TARA McKNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 12th & DIVISION PROPERTIES, LLC; | ) |
| CJUF II TERRAZZO LLC; and | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. No. 41) in

this consolidated action. The proposed Third Amended Complaint combines the separate original and

amended complaints filed in the three consolidated cases into a single document which purportedly deletes several claims which will no longer be pursued by Plaintiffs. In addition, however, the proposed Third Amended Complaint seeks to name two additional defendants, Crosland, LLC, a North Carolina limited liability company, and William C. Barkley, a resident of Nashville (collectively, the "New Defendants"). Plaintiffs assert that discovery in the consolidated action has revealed that the New Defendants were, at all times material to this litigation, controlling, directing, and acting in concert with the originally named defendants in such a way as to qualify them as "developers" under the provisions of the Interstate Land Sales Full Disclosure Act ("ILSFDA" or "Land Act"). Plaintiffs allege that as "developers" the New Defendants, along with the current Defendants, are personally liable for the activities that are the subject of this lawsuit. The addition of the New Defendants is the only substantive difference between the proposed Third Amended Complaint and its predecessors. To be clear, the New Defendants are not being substituted for any of the existing Defendants—Plaintiffs seek to maintain their claims against the already named Defendants as well as to bring the same claims against the New Defendants.

Defendants argue in response that the motion to amend to add the New Defendants should be denied on the grounds of futility, because the claims against the New Defendants are barred by the statute of limitations. (Doc. No. 42, at 4.) For the reasons discussed below, the Court agrees. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573–74 (6th Cir. 2008) (affirming the district court's denial of motion for leave to amend where the amendment would have been futile); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile.").

The only claims brought against the New Defendants in the proposed Third Amended Complaint are for alleged violations of the Land Act. The Land Act contains a statute of limitations barring claims brought more than three years after execution of the purchase agreement for the property at issue in the complaint. 15 U.S.C. § 1711. Two of the three sets of plaintiffs, Venezia and the Kulas, executed their Purchase Agreements in May 2006; plaintiff McKnight signed hers in March 2007.[1] More than three years have passed since those dates. Further, even though the New Defendants are not identified as the "developers" of the Project in the Purchase Agreements, Plaintiffs, by their own admission, have allegedly

---

[1] Copies of the Purchase Agreements were attached to the original complaints in each action.

been aware since before they executed their Purchase Agreements that Barkley and Crosland held themselves out as "developers" of the Project:  Plaintiffs allege in both the Second and proposed Third Amended Complaints that Barkley and Crosland were "identified as the 'developer' of the Project . . . in all press releases and sales and advertising materials provided to [Plaintiffs] and the general public," and that Plaintiffs were induced by those representations to enter into their Purchase Agreements.  (2d Am. Compl. ¶¶ 52, 61, 62; proposed 3d Am. Compl. ¶¶ 55, 66, 67.)  Further, William Barkley executed their Purchase Agreements on behalf of Defendants—he also printed his name below his signature, and signed in his capacity as "President, Crosland Tennessee."  In other words, Plaintiffs have allegedly been on notice since before the inception of their lawsuits that the New Defendants had been identified as "developers" of the project, even though they were not identified as the developer in the Purchase Agreement.  Consequently, the proposed claims against the New Defendants will be barred unless they can be deemed to "relate back" to the dates when Plaintiffs filed their original complaints.

Rule 15(c) of the Federal Rules of Civil Procedure provides that

[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if . . . the party to be brought in by amendment

(i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).  Rule 15(c)(1)(B) permits amendments that "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

The Sixth Circuit has held repeatedly that where, as here, "'an amendment which *adds* a new party"—rather than substituting a new party for an already-named party—"creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'"  *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (emphasis added) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991), and *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)); *see also U.S. ex rel. Statham Instruments, Inc. v. W. Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]"

it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court"). Thus, under unambiguous Sixth Circuit precedent, Plaintiffs' proposed amendment is barred because the statute of limitations has run, and Plaintiffs seek to *add* new parties, rather than to substitute the correct parties for parties erroneously named in the original, timely pleading.

The cases to which Plaintiffs cite in support of their argument that relation back can apply to their situation are inapposite. In *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403 (6th Cir. 1982), the Sixth Circuit reversed the district court's dismissal of an amended complaint that added as new defendants the alleged successors of the original corporate defendant, which had gone out of business ten years previously. The court remanded for further fact-finding as to whether the new defendants actually were successors to the original defendant, and as to whether they had been put on notice by the process server, within the statute of limitations, that their predecessor corporation had been sued. In a later Sixth Circuit opinion, the Court rejected the plaintiff's argument that the law of *Marlowe,* pursuant to which "an amendment which adds a new party creates a new cause of action," was no longer "good law" because it was inconsistent with the holding in *Ringrose*. *In re Kent Holland*, 928 F.2d at 1450. The Sixth Circuit noted that the *Ringrose* court "apparently considered th[at] case to be one of misnomer and remanded it for consideration of whether the successor corporations had timely notice of the suit. *Ringrose* actually affirms the holding in *Marlowe* which remains the law in this circuit." *Id.* The Sixth Circuit has never retreated from that conclusion, and in fact has reconfirmed it very recently. *See Asher v. Unarco Material Handling, Inc.*, 496 F.3d 313 (6th Cir. 2010) (rejecting plaintiffs' novel argument in support of adding new plaintiffs based on the long-established principal that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations").

Consequently, Plaintiffs' reliance upon *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007), is unavailing. In that case, the Fourth Circuit reversed the district court's dismissal of an amended complaint that added a new party, holding in part that adding a new defendant without substituting or dismissing another defendant did not take the amendment outside the ambit of Rule 15(c)'s requirement that the plaintiff "change[] the party." *Goodman*, 494 F.3d at 474. That holding is squarely at odds with clear Sixth Circuit precedent by which this Court is bound, even if it were persuaded by the reasoning in

*Goodman.*  Plaintiffs here do not seek to substitute parties based upon a misnomer or a mistake as to the identity of the proper party.  Rather, they seek to add new parties who, they claim, are jointly liable with the existing defendants.

Finally, the very recent Supreme Court decision to which Plaintiffs refer this Court in their reply brief, *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), is not to the contrary, nor does *Krupski* compel a different outcome in the present case.  The plaintiff in *Krupski* sued Costa Cruise Lines, N.V. for an injury she suffered on board a cruise ship.  Costa Cruise Lines, N.V., however, was only the "sales and marketing agent" for Costa Crociere S.p.A., the entity that actually owned, chartered, and operated the ship on which the plaintiff was injured.  When the plaintiff eventually amended her complaint to name Costa Crociere, the district court granted that defendant's motion to dismiss on statute-of-limitations grounds, finding that there was no relation back, and the Eleventh Circuit affirmed on the grounds that the plaintiff either knew or should have known of the proper party's identity and thus determined that she had made a deliberate choice instead of a mistake in not naming Costa Crociere as a party in the original complaint.

The Supreme Court disagreed, stating in relevant part as follows:

> By focusing on Krupski's knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(1(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error.  Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known . . . not what the *plaintiff* knew or should have known at the time of filing her original complaint.
>
> Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.  For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of a mistake.  A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief."  That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.  A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B.  Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim.  If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.  The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.
>
> . . . .  We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two

parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

. . . .

Applying these principles to the facts of this case, we think it clear that the courts below erred in denying relation back under Rule 15(c)(1)(C)(ii). . . . Because the complaint made clear that Krupski meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured, and also indicated (mistakenly) that Costa Cruise performed those roles, Costa Crociere should have known, . . . that it was not named as a defendant in that complaint only because of Krupski's misunderstanding about which "Costa" entity was in charge of the ship—clearly a "mistake concerning the proper party's identity."

*Krupski*, 130 S. Ct. at 2493–94, 2497 (emphasis in original; footnote and internal citations omitted).

In other words, although the Court made it clear that the focus of the inquiry under Rule 15(c) should not be on a plaintiff's knowledge of the existence of the party the plaintiff seeks to add as a defendant, nor on the reasonableness of the plaintiff's mistaken understanding of that party's role, the plaintiff must nonetheless make a *mistake* concerning the unnamed party, and that, but for that mistake, the unnamed party would have been named as a defendant (and is put on notice that, but for the mistake, that party would have been named).

In the present case, there has been no such mistake; Plaintiffs did not mistakenly sue party A instead of party B. Rather, the current Defendants are developers of the Project and Plaintiffs continue to pursue remedies against them as such. [2] Plaintiffs now allege that, through discovery, they have learned that the Defendants "have acted in concert with and were controlled by [the New Defendants]," and, therefore, that the New Defendants also qualify as "developers" of the Project within the meaning of the Land Act. This is not the type of "mistaken identity" that Rule 15 is intended to address. Instead, this is a purported lack of knowledge regarding the involvement of additional parties which additional investigation would have revealed. In the Sixth Circuit, lack of knowledge pertaining to an intended defendant's

---

[2] Plaintiffs alleged originally that 12th & Division was "an inactive Tennessee limited liability company" and the "predecessor-in-interest to defendant CJUF II Terrazzo, LLC, the current owner and developer of . . . the 'Terrazzo' . . . ." (*Venezia* Compl., Doc. No. 1, at ¶ 2.) Defendants admitted those allegations in their Answer.

identity does not constitute a "mistake concerning the party's identity" within the meaning of Rule 15(c). *Moore v. Tennessee*, 267 Fed. App'x 450, 455 (6th Cir. 2008) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties.")).   Moreover, even if this were a case of "mistaken identity," nothing in the Plaintiffs' original complaints, naming 12th & Division and CJUF Terrazzo as defendants based on their role as "developer" of the Project, would have put Crosland and Barkley on notice that Plaintiffs would have named them as defendants but for a mistake as to the identity of a proper party.

Finally, although the Supreme Court in *Krupski* has made it clear that the Rule 15(c) inquiry should not focus on a plaintiff's knowledge, Plaintiffs in this case were apparently not mistaken about either the existence or the identity of the New Defendants—they were simply unaware of the alleged extent of their involvement in the development of the Terrazzo Project.   Regardless, at the very least, Plaintiffs were put on inquiry notice regarding the New Defendants' involvement before the statute of limitations expired by virtue of Mr. Barkley's signature on their Purchase Agreements and the fact that the marketing materials—upon which Plaintiffs supposedly relied in deciding to buy units at the Project— identified Crosland as the developer.   In short, there was no mistake of identity that would allow for relation back under Rule 15(c), nor any basis for equitable tolling of the statute of limitations.   Because the statute of limitations has expired, barring the claims against the New Defendants, Plaintiffs' attempt to amend their complaint yet again to bring in the New Defendants would be futile.

Plaintiffs' motion to amend is therefore **DENIED IN PART**, that part being the request to add the New Defendants.   Plaintiffs' motion is unopposed, however, insofar as it seeks permission to file one consolidated complaint that deletes claims that Plaintiffs no longer intend to pursue, and the Court agrees that the filing of such a unified document would facilitate the "timely and orderly processing and resolution of this consolidated litigation."   (Doc. No. 41, at 2.)   Plaintiffs' motion is therefore **GRANTED IN PART**, and Plaintiffs are directed to file a revised Third-Amended Complaint that omits reference to the New Defendants within five business days of entry of this Order.   Defendants shall file a consolidated Answer within five business days after the filing of the Third Amended Complaint.

This case is referred back to the Magistrate Judge for further case management as necessary. The parties are advised that the Court will not gladly entertain any further motions to dismiss or motions

to amend pleadings.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge